OPINION
Defendant-appellant, Julius E. Kirkman ("the appellant"), appeals from the Allen County Common Pleas Court on a judgment of conviction and sentencing for complicity to burglary, a felony of the third degree in violation of R.C. 2923.03(A)(2), and theft, a felony of the fourth degree in violation of R.C. 2913.03(A)(1). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows. On May 23, 2000, the victim, Crystal Kirkman, returned home from work to find that her residence had been broken into and a small safe, which contained approximately $11,000.00, had been stolen. Upon entering the home, the victim observed that the couch had been moved away from the wall and that the window above the couch was open. She checked the other rooms in the residence and determined that the only property missing was the safe that had been stored under the bed in the master bedroom. In addition to the $11,000.00 in cash, the safe also contained various documents including social security cards and birth certificates.
The victim contacted the Lima Police Department and her security company. The victim informed the investigating officer that the appellant, who is her ex-husband, had been at the residence the previous day at 7:00 p.m. visiting their son. She left for work at 8:30 p.m., and her children spent the night with their grandmother.
On April 13, 2001, the Allen County grand jury indicted the appellant on one count of burglary, in violation of R.C. 2923.03(A)(2), and on one count of theft, in violation of R.C. 2913.02(A)(1). The appellant entered pleas of not guilty to both counts. A jury trial commenced on July 17, 2001. The following day, after the presentation of evidence and arguments of counsel, the jury returned a verdict finding the appellant guilty as charged in the indictment.
After a sentencing hearing, the court imposed a sentence of five years for the burglary conviction and eighteen months for the theft conviction, with the sentences to be served consecutively. The court also ordered restitution in the amount of $11,060.00. A timely notice of appeal was filed setting forth one assignment of error:
ASSIGNMENT OF ERROR
 The trial court committed an error of law by imposing maximum consecutive prison terms.
The appellant asserts that the record does not evidence the trial court's findings to support the maximum consecutive prison terms pursuant to R.C. 2929.14(C), 2929.14(E), and 2929.19(B)(2)(e).
R.C. 2953.08(G)(1) permits this court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that the record does not support the sentence or that the sentence is otherwise contrary to law.
A sentence imposed for a felony conviction should be designed to meet the two overriding purposes of felony sentencing. The sentence should punish the offender and protect the public from future crime of the offender.[1] Additionally, the sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders."[2] Pursuant to R.C. 2929.12, the sentencing court must also consider such factors as the seriousness of the offense, the likelihood of the offender's recidivism, and other factors the court finds relevant to achieving the purposes and principles of sentencing.
In the case of a felony of the third or fourth degree, the sentencing court must consider the applicability of factors set forth in R.C.2929.13(B)(1) when determining the appropriate sentence. The Ohio felony sentencing law also requires a trial court to make various findings before it may properly impose a maximum sentence. R.C. 2929.14(C) states as follows:
 Except as provided in division (G) of this section or in Chapter 2925 of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
 This court has repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.14, and 2929.19, which in effect determine a particular sentence and a sentence unsupported by these findings is both incomplete and invalid."[3] A trial court must strictly comply with the relevant sentencing statutes by making such findings of fact on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence.[4]
Specifically, when a maximum sentence is imposed under R.C. 2929.14(C), the trial court must specifically state its reasons for imposing the maximum sentence.[5]
When a statute requires the court to provide its reasons for imposing a sentence, as in the case of a maximum term, the court must make the applicable findings, and then provide a factual explanation setting forth the basis for those findings.[6]
In the instant case, the record indicates that the trial court properly considered all of the relevant statutes and made the required findings necessary to impose the maximum sentence. The court concluded that the appellant had committed the worst form of the offense and then stated its reasons for imposing the maximum sentence. The trial court found that the victim of the offense suffered serious financial harm as a result of the offense and that the defendant's relationship with the victim facilitated the offense. The court also found that the defendant showed no genuine remorse for the offense.
Prior to sentencing a defendant to consecutive sentences, a trial court must make certain findings. R.C. 2929.14(E) states, in pertinent part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime from the offender.
 This court has held that when consecutive sentences are imposed under R.C. 2929.14, the trial court must set forth its reasons for imposing consecutive sentences.[7]
A thorough review of the record in this case reveals that the trial court made the necessary findings as required by R.C. 2929.14(E) at the sentencing hearing. Further, the court set forth the factual basis underlying its findings as required by R.C. 2929.19(B)(2)(c).
As the trial court made the requisite findings and stated its reasons for imposing maximum and consecutive sentences, the sentences are in compliance with the law.
Accordingly, the appellant's assignment of error is without merit.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] R.C. 2929.11(A).
[2] R.C. 2929.11(B).
[3] State v. Graphenreed (Oct. 22, 2001), Auglaize App. No. 2-01-17,unreported; State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59 and1-98-60, unreported; State v. Russell (March, 13, 2000), Auglaize App. No. 2-99-38, unreported.
[4] Id.
[5] R.C. 2929.19(B)(2)(d).
[6] State v. Edmonson (1999), 86 Ohio St.3d 324.
[7] State v. Nelson (October 3, 2000), Shelby App. No. 17-2000-05, unreported.